May it please the Court, Mark Drozdowski from the Office of the Federal Public Defender for Petitioner-Appellant Jacob Wolf. The question in this case is whether the magistrate judge properly determined that Wolf's habeas petition was untimely. There are a lot of state court filings and rulings in this case. I want to focus on the ones that are central to answering whether tolling makes this petition timely. The starting point is figuring out when the state court judgment became final. That's when the federal limitations period begins. The magistrate judge said the judgment became final on February 10, 2015, when the 60-day period to file a notice of appeal after pleading no contest ran. Our position is that the judgment became final on May 11. And the reason for that is that Wolf timely filed a second notice of appeal on December 30, 2014. It was lodged in the California Supreme Court, I'm sorry, the California Court of Appeal. The Court of Appeal issued an OSC on it on February 6, and it did not deny, it did not dismiss the appeal until April 29, 2015. So that's when the judgment became final. And then we find from a case that the Attorney General cited, and this is the law, after being denied in the Court of Appeal, you get 10 days to file a petition for review in the California Supreme Court. That gets us to May 11, and that's when the judgment becomes final. So that's the starting point of the one-year federal statute. Well, let me, California law is a little perplexing on all of this. Don't, he pleaded guilty. Don't you need a, did he need a certificate of probable cause in order to appeal? Ultimately to effectuate a notice of appeal, yes. Yes. And wasn't he denied that in January? I thought California said, well, you know, that was over then. He couldn't appeal. Well, that's the Attorney General's position. Yes. What's wrong with that? Well, because it's not one strike and you're out with a notice of appeal. What, he gets the full 60 days. He could file another proper notice of appeal within the 60-day deadline. That's certainly federal practice. If you, if you file a defective notice early in the appeal period, that doesn't mean you don't get the time to come back and meet the statute with a vote. The Court even denied the certificate of probable cause. Well, how could he then file a, go ahead and keep trying to file notices of appeal? Well, I think if we look at how the State court handled it, it's not an open and shut matter. The court of appeal issued an OSC and it didn't just immediately dismiss the appeal. And then it took several months for it to consider that, to actually dismiss the appeal. So I think if we look at how the State court handled the situation, we should credit the State court action. This is not, this is not a situation where we look at whether the appeal was properly filed like we do under statutory tolling. I think we look at what the State court actually did. But even if we do that and even if we give you this May date, it seems like you still have a problem getting it to be timely. Well, we have several hurdles and I would like to try to walk us through, I think, some of the key parts. Okay. We'll jump into the first one. Okay. The biggest chunk of time, well, just to say two things. First, the magistrate judge properly granted 41 days of statutory tolling for the time the petition for writ of mandate was filed. So I think, I'm hoping the court will agree with that. The magistrate judge also properly granted statutory tolling for the 109 days that the superior court petition was filed through the denial of the petition. And the attorney general agrees with that, too. So I think that's off the table. What I would really like to focus on is our argument that we get statutory tolling from the time the court of appeal opinion was denied through the time the California Supreme Court petition was filed. That's 175 days. That's 175 days. And I know it's more than the 60-day window, but as this court has said, the 60 days is a benchmark. And in appropriate circumstances, you can go beyond that. And we cited the case Maxwell v. Roe, where this court said it was reasonable to file a petition 14 months after the prior denial. Now, I realize there they had an evidentiary hearing, so it's different. But that petition was 160 pages long and this incredibly lengthy record. I mean, there's nothing like that in this petition. I think it was a capital case. Yeah. Well, I'd hate to penalize a petitioner for being short and getting to the point. The critique I often hear is we filed them too long. The time needed to put it together was the point there. And here, I don't know why it needed so much time. It was a guilty plea and not a lengthy, lengthy trial. Well, but the attorneys still needed time to review the record and do research. The petition — Well, that's always true. That — So the 60 days kind of accounts for that in the normal — I mean, that's where the 60 days comes from, right, as a presumption? Well, I don't know. No, I mean, I think there's a distinction in cases where people come in later. Now, whether the 60 days is meant to cover that period, that could well be. But when you look at the cases, there are cases when a lawyer comes in and does more work. And because the 60 days is a benchmark and not an absolute rule, I think there's flexibility there. But don't you have to have the facts and you didn't have an evidentiary hearing, so wouldn't you have to have the facts to fall within the category that this was a complicated case or the lawyer had to come up to the minute in order to defend? It's not as complex as Maxwell. I acknowledge that. There was not as much to do, but we're also not seeking nearly as much time as there. I would also like to address, you know, in the alternative, we have an equitable tolling argument that I'd like to get to. And that is based on State Habeas Council not filing a protective petition under PACE during the time that she had the case, because there was still time on the federal clock at the time that Ms. Marshall was appointed. If we take into account the tolling we discussed, the 41 days, the 109 days, and if we start our clock on May 11th, which I know is in dispute, but in any event, by the time Ms. Marshall got the case, and even the prior lawyer, Mr. Schmidt, who comes in and out, right, there's a retainer agreement and then it's returned, State Habeas lawyer, their job is not only to try to win relief in State Habeas, but also preserve the right to federal review, right? We know that they federalize claims, they exhaust claims. Another key part is watching the federal clock and making sure that it doesn't lapse on their time. That didn't happen here. And we've provided cases that support the proposal, that held, granted equitable tolling for a State Habeas lawyer letting the federal clock run. And PACE makes the point itself, because when you look at PACE, the petitioner there, he filed his petition pro se, but soon thereafter, the State Court granted Habeas Council, and it was after that happened that, when you look at the opinion, there's some ambiguity, but he's on the case, and then the clock runs, and that's when the Supreme Court says, no, no, it's not unfair to not grant you statutory tolling for this, what turned out to be a late filed petition. You could have filed a protective federal petition in federal court. That's what should have happened here. That is beyond mere negligence not to do that, not to understand the law, not to look out for that. And the Court should hold that that, Mr. Wolf is entitled to equitable tolling, because while he filed a federal petition, it could have protected his right to review. Seeing I'm down to a minute fifty, I'd like to preserve the rest of my time, unless there's any questions. Thank you. Good morning, Your Honor. Deputy Attorney General Amanda Lopez appearing for appellee. As was alluded to already, this case turns primarily on the question whether the petitioner is entitled to tolling for his six-month time period between the denial of the Court of Appeal petition and the filing of the California Supreme Court petition. If petitioner is not entitled to that time period through equitable or statutory tolling, then at that point, regardless of the finality of the judgment of the conviction date, either the petition is simply untimely. And here, appellant is not entitled to that time period. With regard to the statutory tolling, as the Court mentioned, he's already exceeded that 30 to 60-day time period. It was by a lot. It was 175 days delay. And it could, those claims could have been raised without counsel. He's raised those claims from the very beginning when he mentioned when he tried to seek a certificate of probable cause, when he filed his notice of protection. And also, there's no right to counsel anyway. So any time spent on that was really not a necessary expenditure of time. And then in terms of equitable tolling, the same arguments apply. Also, there's no real connection between this time, the time that appellant delayed with the actual delayed filing of the federal petition. So... Well, the link that your opposing counsel just drew was that it was some sort of ineffectiveness. Well, first of all, just with regard to that, there's no indication that the scope of counsel's representation was to represent him on anything other than in the state, a California Supreme Court petition. And we can also assume that that wasn't within the scope also because appellant himself was the one who filed the federal petition. It wasn't filed with counsel. So aside from that... Would it have been counsel's obligation to at least tell petitioner, you better go file a protective petition in federal court? I'm unaware of any obligation on the state habeas counsel to actually affirmatively tell them. And also, it's quite possible that he was told that. I'm sorry. What was the argument that was raised in the California Supreme Court?  Yeah, for relief, just out of curiosity. For relief, it was the same claims that he has been raising the entire time, which, you know, two claims against attacking the validity of the plea itself. One was ineffective assistance of counsel that he should have been told to take an offer earlier. And then the other one was improper Boykent Hall advisements on his right to present a defense. So it was the exact same claim that was raised there. And it was also, in terms of the length of the claims and the complexity, they're on par with each other, whether it was prior to having counsel or after. They're very similar in nature. And then in terms of the length of time that counsel took to file the petition itself, she only took about 51 days from the retainer or the date the check was sent to her. So really, that was a reasonable amount of time. And I would not say that's negligence by any means. But even if it were considered negligence, for purposes of equitable tolling, what I would say, it has to rise, the negligence from an attorney would have to rise beyond a garden variety negligence. It would have to basically be akin to abandonment. And that's certainly not the case here. And unless the Court has any questions, I would say it's willing to submit. Thank you. Thank you, counsel. On the statutory tolling point, I just wanted to bring the Court's attention to a case called Ofsumi v. Gerbino, which is a case respondents cited. And in that case, the District Court held in a published opinion that a 96-day delay between filings in the Superior Court and the Court of Appeal, and then a later 98-day delay between a filing in the Court of Appeal and the California Supreme Court, were not unreasonable, given that the petition had been substantially rewritten. And that's 445 Fedsup 2nd, 1152. The problem here is that you have many more days and, I mean, it is the same claims. They are sort of rewritten, but I don't know if it would count as substantially rewritten. It's not that different, right, from the eventual petition? Well, there's, you know, she cites 18 cases. It's much more extensively researched. It is more time, but there the total given was over 180 days, and we're looking for 175. But only in two chunks. Two chunks, that's correct. The Attorney General says we don't know about the scope of the representation in State habeas. You know, if there's any questions about that that would be determinative, I think the remedy is to remand for an evidentiary hearing on equitable tolling, and we've cited laws and ruling cases like that. And this Court has also remanded on statutory tolling issues. I think that is something that should happen. Mr. Wolf was pro se in the Court below. We know the Courts say pleadings are to be liberally construed, and on this record I don't think the Court can deny tolling. If it's not inclined to grant tolling, we should be remanded for more fact development. Unless there's any questions, I see I'm out of time. Thank you both sides for the helpful arguments. The case is submitted.
judges: Schroeder, Friedland, Silver